UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK PACHECO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | C.A. NO. 5:14-cv-00704-OLG |
| | § | |
| BANK OF AMERICA NATIONAL | § | |
| ASSOCIATION and ERICA M. SALZAR, | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANT BANK OF AMERICA'S PARTIAL MOTION TO DISMISS</u>**

Pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Bank of America, N.A. ("Defendant" or "BOA"), through undersigned counsel, respectfully moves this Court for an Order dismissing Plaintiff's claims of sexual harassment, discrimination, intentional infliction of emotional distress ("IIED"), and negligent training and supervision.  As set forth in detail below, all of these claims are time barred; Plaintiff failed to exhaust his administrative remedies with respect to his harassment and discrimination claims; the IIED and negligent training and supervision claims are prohibited under Texas law; and the Original Petition fails to describe conduct sufficiently severe and outrageous enough to support claim a for IIED.

**I. INTRODUCTION**

Plaintiff, Mark Pacheco ("Pacheco"), is a former employee of BOA who worked as a teller and personal banker in one of BOA's banking centers in San Antonio.  (*See* Original Petition ¶ 16).  Plaintiff contends that in 2010 he was subjected to sexual harassment and discrimination by his former manager Erica Salazar ("Salazar"); that he complained of Salazar's conduct to BOA in November of 2010; and that she was terminated shortly thereafter as a result.

(Original Petition ¶ 21).  On April 25, 2013, more than two years after Plaintiff's alleged complaint and Salazar's subsequent termination, Plaintiff was terminated for poor performance. (Original Petition ¶ 25).  Plaintiff has since filed this action asserting claims against BOA for sexual harassment, discrimination, and retaliation under the Texas Commission on Human Rights Act ("TCHRA"), and state law tort claims for IIED and negligent training and supervision.  (Original Petition ¶¶ 27-36).  All of these claims, with the exception of Plaintiff's retaliation claim, fail for basic and readily apparent reasons and must be dismissed.  As an initial matter each is unquestionably time barred by the applicable statute of limitations.  Moreover, Plaintiff failed to exhaust his administrative remedies in regards to his claims of sexual harassment and discrimination by raising them in his charge of discrimination (presumably because they had not occurred in the previous 180 days).  In regards to Plaintiff's IIED and negligence claims, in addition to being time barred, they are also prohibited by Texas law because they are duplicative of Plaintiff's TCHRA claims.  Finally, Plaintiff's IIED claim warrants dismissal because Plaintiff's complaint does not contain allegations sufficient to support it.  As such, Plaintiff's sexual harassment, discrimination, IIED, and negligent supervision and training claims should be dismissed with prejudice, leaving Plaintiff to litigate his lone retaliation claim.

## II.  LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the district court must accept as true the factual allegations in the complaint.  *Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).  With certain exceptions, a court generally rules on a 12(b)(6) motion based solely on the complaint and any attachments to the complaint.  *Wilson v. Kimberly-Clark Corp.,* 2007 WL 3251684, at *3 (5th Cir. Nov. 5, 2007); *Collins v. Morgan Stanley Dean Witter,*

224 F.3d 496, 498-99 (5th Cir. 2000).  In order to avoid dismissal for failure to state a claim, a plaintiff must plead facts, "not mere conclusory allegations . . . or unwarranted deductions of fact." *Brackens v. Ennis State Bank,* 252 F.3d 434 (5th Cir. 2001) (quoting *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) (internal quotations omitted)).

Indeed, the Supreme Court recently confirmed that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Conclusory allegations or legal conclusions masquerading as factual conclusions, and unwarranted deductions of fact will not prevent a motion to dismiss.  *Fernandez-Montez,* 987 F.2d at 284; *see also Rendon v. Potter,* 2007 WL 1452932, at *5 (W.D. Tex. May 15, 2007) (citing *Tuchman,* 14 F.3d at 1067).

### III.  ARGUMENT

**A.     Plaintiff Failed to Exhaust His Administrative Remedies.**

Plaintiff cannot state a claim for sexual harassment or discrimination because he has failed to exhaust his administrative remedies by asserting those claims in a charge of discrimination.  *See*, *e.g.*, *Williams v. AT&T, Inc.*, 356 Fed. Appx. 761, 766 (5th Cir. 2009) (affirming district court's dismissal of retaliation claim pursuant to Rule 12(b)(6) where plaintiff failed to assert the claim in his EEOC charge).  Plaintiff filed his charge of discrimination with the Texas Workforce Commission ("TWC") on July 2, 2013 and did not check the box for "Sex" in his charge, nor did he include any allegations in the narrative portion of the charge that describe any incidents of sexual harassment or discrimination.  (*See* Exhibit 1).  Rather, Plaintiff

limited the allegations in his charge to retaliation. *Id.* Because discrimination and retaliation claims are distinct, alleging one does not exhaust the administrative remedies for the other. *Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 Fed. Appx. 917, 921-22 (5th Cir. 2009); *see also McCray v. DPC Indus., Inc.*, 942 F. Supp. 288, 294 (E.D. Tex. 1996) (failure to check retaliation box on EEOC Charge barred retaliation claim because plaintiff did not exhaust administrative remedies). Put simply, Plaintiff did not raise his sexual harassment and discrimination claims with the TWC and is precluded from doing so now. Accordingly, Plaintiff's sexual harassment and discrimination claims should be dismissed with prejudice. *Williams,* 356 Fed. Appx. at 766.

**B.     Plaintiff's Harassment and Discrimination Are Barred by the Statute of Limitations.**

Assuming *arguendo,* that Plaintiff had included allegations of sexual harassment and discrimination in his charge of discrimination they would be time barred. A charge of discrimination under Chapter 21 of the Texas Labor Code must be filed with the Texas Workforce Commission not later than the 180th day after the date the alleged unlawful employment practice occurred, or it is untimely. Tex. Labor Code § 21.202. This time limit is mandatory. *Id.*; *In re United Serv. Auto Ass'n*, 307 S.W.3d 299, 309-10 (Tex. 2010); *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485-86 (Tex. 1991). The Fifth Circuit has made clear that where it is evident from the plaintiff's pleadings that the action is barred by the statute of limitations, dismissal under Rule 12(b)(6) is appropriate. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (statute of limitations defense appropriately asserted in a motion to dismiss); *see also Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

The discrimination and harassment claims described in Plaintiff's Original Petition are limited to the treatment he experienced from Salazar and the latest date of any interaction between Plaintiff and Salazar that could be construed to have been alleged in Plaintiff's Original Petition is "early 2011".[1] (Original Petition ¶¶ 20-21). Plaintiff filed his charge of discrimination more than two years later – July 2, 2014. (*See* Exhibit 1). Accordingly, in addition to failing to exhaust his administrative remedies in regards to his claims of harassment and discrimination by including them in his charge of discrimination, they are time barred because they occurred more than two years prior to the filing of his charge of discrimination. Because Plaintiff's harassment and discrimination claims against BOA occurred unquestionably beyond the applicable statute of limitations period, they should be dismissed with prejudice.

C.      **Plaintiff's Tort Claims Are Barred by the Statute of Limitations.**

On the face of Plaintiff's Original Petition, his tort claims for IIED and negligent training and supervision are time-barred. The statute of limitations for these claims is two years, and it is evident from Plaintiff's Original Petition that the conduct underlying these tort claims occurred more than three years prior to the filing of this lawsuit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Specifically, both tort claims arise out of Salazar's employment with BOA and her alleged treatment of Plaintiff and the last interaction between Plaintiff and Salazar alleged in Plaintiff's Original Petition is "early 2011".[2] (Original Petition ¶¶ 20-21). Plaintiff filed his Original Petition on April 22, 2014, more than three years after Salazar's termination and well beyond the applicable limitations period. Accordingly, his tort claims are time-barred and should be dismissed under Rule 12(b)(6). Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a); *Brady v. Blue Cross and Blue Shield of Texas, Inc.*, 767 F. Supp. 131, 134 (N.D. Tex. 1991) (dismissing former

---

[1] Salazar was terminated December 7, 2010.
[2] Salazar was terminated December 7, 2010.

employee's claim against former employer for intentional infliction of emotional distress because they were barred by the two-year statute of limitations for tort claims); *Nguyen v. Ridling*, 4:11-CV-151, 2012 WL 3763793 (E.D. Tex. Aug. 29, 2012) (dismissing Plaintiff's state law claims of negligent hiring, supervision, and training or retention because they were barred by the two-year statute of limitations).

### D.     Plaintiff's IIED Claim is Prohibited by the Holding in *Creditwatch*.

In addition to being time barred, Plaintiff's cause of action against BOA for IIED is prohibited by the Texas Supreme Court's holdings in *Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814 (Tex. 2005) and *Hoffman-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 446-47 (Tex. 2004). IIED is a "gap-filler" tort that was "never intended to supplant or duplicate existing statutory or common-law remedies. Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Creditwatch,* 157 S.W.3d at 816; *accord Hoffman-La Roche,* 144 S.W.3d at 446-47. Thus, when the gravamen of plaintiff's complaints is covered by a statutory cause of action such as the TCHRA – or even any other common law cause of action – the tort of IIED is unavailable. *Creditwatch,* 157 S.W.3d at 816; *Hoffman-La Roche,* 144 S.W.3d at 446.

Here, Plaintiff's IIED allegations are simply repetitive of his TCHRA claims against BOA. He relies upon the same allegations of harassment, discrimination, and retaliation to support both his TCHRA claims and IIED claim against BOA. (*See* Plaintiff's Original Petition at ¶¶ 17-21, 26-33). He asserts no additional allegations to support his IIED claim. Thus, because Plaintiff's claims are grounded in allegations of discrimination, harassment, and retaliation they must proceed only under the TCHRA. *See Swafford v. Bank of America Corp.*, 401 F. Supp. 2d 761, 764 (S.D. Tex. 2005) (holding plaintiff's IIED claim against her Bank of

America supervisor could not circumvent the TCHRA provision against suing individuals and denying Plaintiff's motion to remand).  *See also Johnson v. Blue Cross/Blue Shield.*, 375 F. Supp. 2d 545, 550 (N.D. Tex. 2005) (granting the defendant's 12(b)(6) motion on plaintiff's intentional infliction of emotional distress claim on gap-filler theory).

If Plaintiff is allowed to maintain such a claim against BOA, the rule set forth in *Creditwatch* and *Hoffman-La Roche* – that claims for intentional infliction of emotional distress cannot be used to circumvent the TCHRA – would be eviscerated.  First, if allowed to sue an individual for discrimination and/or harassment by simply recasting the alleged discriminatory conduct as "intentional infliction of emotional distress," Plaintiff could directly "thwart" the settled rule that individuals cannot be sued for discrimination.  *See supra* note 2; *Hoffman-La Roche,* 44 S.W.3d at 446-47 (reasoning that a common law tort should not be extended to "thwart legislative limitations on statutory claims," and noting that, in creating a cause of action for discrimination, the Texas legislature specified the types and amounts of damages that may be awarded).  Second, Plaintiff could directly undermine the *Hoffman-La Roche* court's mandate that an intentional infliction theory cannot be used to avoid the TCHRA's statutory caps on damages because Plaintiff, by bringing an IIED claim, could obtain damages that far exceed the statutory caps contained in the TCHRA.  *See Hoffman-La Roche,* 44 S.W.3d at 446-47.  Thus, Plaintiff is bound to bring his discrimination and harassment claims under the statute that the Texas legislature enacted to address such claims – the TCHRA.  He cannot use an intentional infliction claim to "thwart" that statute.  *Id.*  Thus, there simply is no possibility that Plaintiff will be able to establish an IIED claim against BOA and it should be dismissed.

**E.      Plaintiff Failed to Plead Conduct Sufficient to Support a Claim for IIED.**

Alternatively, even if Plaintiff establishes that his IIED claim against BOA is not time barred and not covered by another statute or common law cause of action (which he cannot do), he would still have to establish that the conduct about which he complains meets the elements of IIED, particularly that it is "extreme and outrageous." There is no possibility that he can do this. The tort of IIED does not extend to ordinary employment disputes. *Creditwatch,* 157 S.W.3d at 817. Rather, the conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hoffman-La Roche,* 144 S.W.3d at 445. The Texas Supreme Court has held that IIED applies only in an extremely limited number of situations; indeed, it is reserved for conduct that creates a "ring of hell" for the plaintiff and borders on "serious criminal acts." *Id.* at 818. "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.*[3]  Here, Plaintiff is alleging nothing more than an ordinary employment dispute. He is relying on the same allegations that he relies upon to support his TCHRA claims. Even assuming everything he alleges is true, the conduct he complains of is not "extreme and outrageous" as a matter of law – *i.e.* the conduct did not create a "ring of hell." *See*, *e.g.*, *Pittman* v. *General Nutrition Corp.,* Civ. A. No. H-04-3174, 2005 WL 1668017, at *6- 7 (S.D. Tex. July 13, 2005) (granting 12(b)(6) motion IIED claim

---

[3] Indeed, because of these exacting standards, the tort of IIED is virtually nonexistent in Texas. Since 1998, the Texas Supreme Court has reversed ten IIED claims. *See Creditwatch,* 157 S.W.3d at 818; *Hoffman-La Roche,* 144 S.W.3d at 441; *Wal-Mart Stores. Inc. v. Canchola,* 121 S.W.3d 735, 737 (Tex. 2003)(per curiam); *Tiller v. McLure,* 121 S.W.3d 709,710-11 (Tex. 2003)(per curiam); *Tex. Farm Bureau Mut. Ins. Cos. v. Sears,* 84 S.W.3d 604, 606 (Tex. 2002); *Bradford v. Vento,* 48 S.W.3d 749, 751-52 (Tex. 2001); *City of Midland v. O'Bryant,* 18 S.W.3d 209, 211 (Tex. 2000); *Brewerton v. Dalrymple,* 997 S.W.2d 212, 213-14 (Tex. 1999); *Standard Fruit & Vegetable Co. v. Johnson,* 985 S.W.2d 62, 63 (Tex. 1998); *Southwestern Bell Mobile Sys., Inc. v. Franco,* 971 S.W.2d 52, 53 (Tex. 1998) (per curiam).

because conduct complained of was not "extreme and outrageous"; it did not rise above level of ordinary employment dispute); *Chavez v. McDonald's Corp.,* 1999 WL 814527, at *3 (N.D. Tex. Oct. 8,1999) (granting a 12(b)(6) motion on IIED claim because "[i]t is well settled that '[a]n employer's conduct, even if a Title VII violation, rises to the level of 'extreme and outrageous' in only 'the most unusual cases.' . . . The conduct of which [the plaintiff] complains is simply not that which goes beyond all bounds of decency, would be atrocious, and is utterly intolerable in a civilized community"); *Hagen v. Beauticontrol Cosmetics. Inc.,* Civ. A. No. 3:98-CV-1199-D, 1999 WL 714753 (N.D. Tex. June 30, 1998) (granting l2(b)(6) motion because "[i]t is well settled that '[a]n employer's conduct, even if a Title VII violation, rises to the level of 'extreme and outrageous' in only 'the most unusual cases.' . . . [The plaintiff] has not alleged facts that, viewed favorably to her, state a claim for intentional infliction of emotional distress"). Accordingly, Plaintiff's Original Petition fails to contain allegations sufficient to support his IIED claim and it should be dismissed.

**F.    Plaintiff's Negligent Hiring and Supervision Claim is Preempted by the TCHRA and TWCA.**

Plaintiff's claim for negligent hiring and supervision is preempted and therefore fails as a matter of law.  Plaintiff's negligence claim relies on the same allegations of sexual harassment and discrimination regarding Salazar that serve the basis of his TCHRA claims.  In *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 801-02 (Tex. 2010), the Texas Supreme Court held that an employee's claims for negligent supervision and retention based on sexual harassment are preempted by her claims under the TCHRA because the TCHRA provides the exclusive statutory remedy for workplace sexual harassment. Likewise, under the same reasoning provided in *Waffle House*, Plaintiff's negligent hiring and supervision claims are preempted by his TCHRA claims. *See also Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 980 (N.D. Tex. 2011) (Plaintiff's Title

VII claims preempt plaintiff's claim for negligent supervision and retention"). Furthermore, with respect to Plaintiff's remaining negligence claim, if it is not also preempted by the TCHRA, it is surely preempted by the Texas Workers Compensation Act ("TWCA"). The TWCA "provides the exclusive remedy for injuries sustained by an employee in the course of his employment as a result of his employer's negligence." *Ward v. Bechtel Corp.*, 102 F.3d 199, 203 (5th Cir. 1997). Because his claim is based on BOA's alleged negligence, "recovery is foreclosed by the Texas Workers' Compensation Act." *Id.* Accordingly, Plaintiff's claim for negligent hiring and supervision are prohibited by Texas law and must be dismissed.

## IV.  CONCLUSION

Based on the foregoing, Defendant, by counsel, requests the Court to enter an Order dismissing Plaintiff's claims for discrimination and harassment under the TCHRA and claims for IIED and negligent hiring and supervision.

Respectfully submitted,

  /s/ Brian Patterson
Brian Patterson
Texas Bar No. 24042974
Federal Bar No. 909785
McGuireWoods, LLP
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 571-9191
Facsimile: (713) 571-9652
bpatterson@mcguirewoods.com

**ATTORNEY IN CHARGE FOR
DEFENDANT BANK OF AMERICA, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2014, the foregoing Defendant Bank of America's Partial Motion to Dismiss was electronically filed with the Court thereby serving the following counsel of record for Plaintiff:

Javier Espinoza
Steven Sachs
ESPINOZA LAW FIRM, PLLC
503 E. Ramsey, Suite 103
San Antonio, Texas 78216

                                                */s/ Brian G. Patterson*
                                                Brian Patterson